[No. 15311.   In Bank.—June 29, 1894.]

### In the Matter of the Estate of THERESA FAIR. CHARLES L. FAIR, Appellant.

Construction of Will—Contingent Legacies—Time of Payment.— Where the will of a decedent bequeathed a sum to one of his sons to be paid when he shall have attained the age of thirty-five years, and a like sum to another son to be paid when he shall have attained the age of thirty years, and provided that in case either son named should die without wife or issue, the portion allotted to him should be paid to the other son, if living, and that if both sons should die without wife or issue surviving them, the portions allotted to them should be paid to his daughters, share and share alike, a surviving son is not entitled to payment of the legacy given to a deceased son, immediately upon his death, and such legacy is not payable until by the terms of the will it would have been payable to the deceased son if he had lived.

Id.—Devise in Trust—Change of Fixed Time of Payment—Contingencies.—Where a will devises and bequeaths the entire estate to the executors in trust, to be held and possessed by them, with power to sell and dispose of it, and to reinvest any surplus proceeds for the best interests of the estate, and definitely fixes the times at which the trust should terminate as to the different portions or legacies, it requires a reasonably clear expression of intention to change the time of payment upon the happening of uncertain contingencies, to justify the court in holding that such change was intended.

Id.—Payment of Contingent Legacies by Executors—Implication— Retention of Moneys.—Where the will provides that in all cases of contingencies arising from deaths, provided for in the will, the moneys shall be paid by the executors, such provision necessarily implies that the money must remain in their hands until the time arrives when no contingency would happen under the terms of the will making it payable to another than the first survivor.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion.

*W. S. Goodfellow,* for Appellant.

The plain language of the will must prevail, and construction should not be founded on conjecture. (1 Redfield on Wills, 430; *Welsch* v. *Belleville Sav. Bank,* 94 Ill 200; 2 Jarman on Wills, *715; *Gibbons* v. *Langdon,* 6 Sim. 260; *Martin* v. *Holgate,* L. R. 1 H. L. 175; *Estate of Gilmore,* 81 Cal. 240; *In re Reinhardt,* 74 Cal. 365; *Estate of Garraud,* 35 Cal. 336.)

*R. S. Mesick,* for Respondents.

Words may be supplied to effectuate the intent of the testator apparent from the context. (2 Jarman on Wills, 5th Am. ed., 60.) Wills are to be liberally construed to effectuate the intent of the testator. (*Welch* v. *Huse,* 49 Cal. 509; *In re Redfern,* L. R. 6 Ch. D. 133, 137; *Welsch* v. *Belleville Sav. Bank,* 94 Ill. 191, 199, 200; *Hoxie* v. *Hoxie,* 7 Paige, 192; *Hoppock* v. *Tucker,* 59 N. Y. 208.) Effect must be given to every part of the will. (3 Jarman on Wills, 705; 1 Redfield on Wills, 431.)

*Byron Waters,* also for Respondents.

The portion allotted to James Fair cannot, under the terms of the will, be paid to Charles Fair until the time when it would have been payable to James, had he lived. When possession is postponed by the terms of a will, the words of the will "must be referred to the time of possession." (Civ. Code, secs. 1336, 1337; *Tucker* v. *Bishop,* 16 N. Y. 404; 3 Jarman on Wills, 672.) The bequest over to Charles is subject to be divested if he should die without wife or issue prior to the "time of possession." (Civ. Code, sec. 1349; *In re Rogers,* 94 Cal. 529.) The daughters are entitled to have the property remain undisposed of until the conditions of the will are complied with. (*Born* v. *Horstmann,* 80 Cal. 452.)

HAYNES, C.—When this case was in department, the following opinion was prepared by Commissioner Haynes:

Appellant petitioned the court below for an order directing the executors of the will of Theresa Fair, deceased, to pay to him the sum of five hundred thousand dollars, bequeathed to his brother, James G. Fair, Jr., and which, in case of the death of James, was, by the terms of the will, to be paid to petitioner. This appeal is from an order denying said petition.

The proper determination of the questions involves the consideration and construction of the whole of the will, which, omitting formal parts, is as follows:

"I hereby give, bequeath, and devise all my real and personal estate, of what nature or kind soever, and wheresoever situated, to John W. Mackay and Richard V. Dey, the executors of my last will and testament hereinafter nominated and appointed, in trust for the payment of my just debts and the legacies and charges upon the said estate hereinafter specified, to be held and possessed by them, with power to sell and dispose of the same, or any part thereof, at public or private sale, at such time or times, and upon such terms and in such manner as to them shall seem meet, and to reinvest any surplus proceeds of such sales for the best interest of said estate until the full and complete disposition of said estate by them, which I hereby direct shall by them be made in compliance with the following:

"I give and bequeath to my daughter, Theresa Alice Fair, the sum of one million five hundred thousand dollars, and direct the same to be paid to her upon her attaining the age of twenty-five years, but not before then, and that meantime there shall be paid to her monthly the sum of twenty-five hundred dollars.

"I give and bequeath to my daughter, Virginia Fair, the sum of one million five hundred thousand dollars, and direct the same to be paid to her upon her attaining the age of twenty-five years, but not before then, and

that meantime there shall be paid to her monthly the sum of twenty-five hundred dollars.

"I give and bequeath to my son, James Graham Fair, Jr., the sum of five hundred thousand dollars, and direct the same to be paid to him when he shall have attained the age of thirty-five years, but not before then, and that meantime there shall be paid to him monthly the sum of five hundred dollars.

"I give and bequeath to my son, Charles Lewis Fair, the sum of five hundred thousand dollars, and direct the same to be paid to him when he shall have attained the age of thirty years, but not before then, but that meantime there shall be paid to him monthly the sum of five hundred dollars.

"The rest and residue of my estate I give and bequeath to my two daughters, above named, to be divided between them equally, share and share alike, and to be paid to them when my said daughter Virginia shall have attained the age of twenty-five years.

"In case my said son, James Graham Fair, Jr., shall die without wife or lawful issue surviving him, the portion allotted to him shall be paid to my said son, Charles Lewis Fair, if living, and if not living, then to his surviving wife or lawful issue, if any there be.

"In case my said son, Charles Lewis Fair, shall die without wife or lawful issue surviving him, the portion allotted to him shall be paid to the said James Graham Fair, Jr., if living, and if not living, then to his surviving wife or lawful issue, if any there be.

"In case both the said James Graham Fair, Jr., and Charles Lewis Fair shall die without wife or lawful issue surviving them, then the portions allotted them shall be paid to my said daughters, Theresa Alice Fair and Virginia Fair, share and share alike.

"In case of the death of my said daughter, Theresa Alice Fair, without husband or child surviving her, the portion allotted to her shall be paid one-half to my daughter, Virginia Fair, and the other half in equal

portions to the said James Graham Fair, Jr., and Charles Lewis Fair.

"And in case of the death of my said daughter, Virginia Fair, without husband or child surviving her, the portion allotted to her shall be paid one-half to my daughter, Theresa Alice Fair, and the other half, in equal portions, to my sons, James Graham Fair, Jr., and Charles Lewis Fair, aforesaid."

The executors therein named were duly appointed and qualified in October, 1891.

The court found that appellant was of the age of twenty-five years and no more; that James G. Fair, Jr., died on the twelfth day of February, 1892, under the age of thirty years, and had never married; that the estate was but little indebted, and that the sum of five hundred thousand dollars prayed for by the petitioner might be allowed to him, if he were entitled thereto, without loss to the creditors of the estate.

As conclusions of law, the court found: " That by the terms of said will the petitioner is not entitled to have or receive the sum of five hundred thousand dollars prayed for by him until he shall have attained the age of thirty years; that his petition is therefore premature, and should be denied." The order denying said petition was entered February 16, 1893.

Appellant's contention is that, as survivor of his brother, he became entitled to said legacy immediately upon the death of James G. Fair, Jr.; and respondents contend, in their brief, that it is not payable to Charles until, by the terms of the will, it would have been payable to James, had he lived, nor until Charles had arrived at the age of thirty years.

The will does not state the dates at which the several legatees will respectively arrive at the age at which their several legacies would become payable; nevertheless, the times for the payment of the several legacies are as definitely fixed, in case none of them should die before reaching the designated age, as though the year, month, and day of the payment of each had been stated

in the will, instead of the age of the legatee, as these dates must be definitely ascertained before payment could be made of the several original bequests.

These clauses of the will relating to the time of payment of the original bequests may therefore be read as though the dates of the payments were specified, instead of the ages of the several legatees, and the question is, whether there is any provision in the will manifesting the intention of the testatrix, that in case of the death of the legatee the legacy should be payable to the survivor at a different or earlier date.

The will does not expressly state at what time the death of the original legatee should occur to entitle the survivor to the legacy, which would otherwise have gone to the deceased brother or sister, nor whether the date of payment should thereby be changed, and therefore these questions must be left to construction. It is obvious, however, that the payment of any of these original legacies to the legatee, upon arriving at the prescribed age, takes the money so paid out of and beyond the operation of the will which imposes no conditions or restrictions of any character upon it after its payment to the legatee; and therefore all facts and circumstances affecting its disposition must exist or occur at or before the death of the primary legatee.

James having died unmarried, the provision relating to a surviving wife or lawful issue need not be considered.

Recurring, then, to the question whether there is any thing in the will authorizing the payment of the legacy in question to Charles at an earlier date than that fixed for the payment to James, I think the answer must be in the negative.

The language of the clause principally in question does not require such earlier payment. If the language were, *upon* the death of James, or, in case of the death of James, his portion shall *then* be paid to Charles, there would be a reasonably clear expression of an intention to change the time of payment; but the lan-

guage, " In case of the death of James, his portion shall be paid to Charles," does not enable us to say that the testatrix intended such earlier payment; and if we look to the other provisions of the will, I think it clearly appears therefrom that such was not her intention.

The will devised and bequeathed the entire estate to Mackay and Dey in trust, to be held and possessed by them with power to sell and dispose of it, and reinvest any surplus proceeds for the best interests of the estate. It was inevitable that all of the estate should remain in their hands for a time, and it was important that the times at which the trust should terminate as to the different portions or legacies should be definitely fixed, so as to enable them to best preserve and increase the estate, and be prepared to pay the different legacies when they became payable. This was done; and in view of the interests of the estate as a whole, and the proper discharge of their duties by the trustees, it ought to require at least a reasonably clear expression of intention to make the time of payment depend upon the happening of contingencies, in their nature uncertain, to justify the court in holding that such change in the time of payment was intended.

That the time of payment of the several legacies is not changed by the accident of the death of any of them, but only the person to whom they are to be paid, is apparent from the several provisions of the will; provisions that cannot be complied with if appellant's contention is to prevail.

It will be observed that there is a similar provision in favor of James in case Charles shall first die, and a further provision that in case James and Charles both die without wife or lawful issue surviving them, that the portions allotted to James and Charles shall " be paid " to their sisters, Theresa and Virginia. In all these cases the money to " be paid " is to be paid by the executors, and necessarily implies that the money must remain in their hands until the time arrives when no contingency could happen under the terms of the

will, making it payable to another than the first survivor.

As each of the brothers had a contingent right to the legacy of the other, so the sisters have a contingent right to the legacies of both James and Charles; a right that could not avail them, as to the legacy given to James, if appellant's contention is correct.

If, for example, the executors had paid to James the legacy in question in his lifetime, Charles could well insist, when the time arrived at which James would have attained the age of thirty-five years, that that sum should have been in their hands, as upon the contingency of the death of James under that age he was entitled to it; and so the sisters might well insist, if the executors had paid the legacy in question to Charles, and afterward, and before James would have attained the age of thirty-five, Charles had died, that they were entitled not only to the legacy of Charles, which remained in the hands of the executors, but also to the legacy of James, since the contingency had happened upon which the executors were directed by the will to pay it to them; and to this claim, if the executors had voluntarily paid the legacy of James to Charles, they could oppose no possible defense.

I do not think that the time of the payment of the legacy in question depends upon Charles arriving at the age of thirty years, but that in no event is it payable until the date at which James would have arrived at the age of thirty-five; for if Charles should arrive at the age of thirty before that date, and the bequest to James should then be paid to him, and he should afterward die before the date at which it was payable to James, the sisters would be deprived of the contingent bequest to them of the same legacy.

Other possible contingencies, not arising upon the facts contained in the record, may yet arise, but none, I think, which can affect the conclusion stated.

The conclusion of the court below, that Charles would be entitled to the legacy in question if he were thirty

years of age, I think is erroneous, but as the judgment of dismissal is right, it should be affirmed.

VANCLIEF, C., and BELCHER, C., concurred.

After full consideration of the case in Bank, we are satisfied with the foregoing opinion, and with the conclusions therein reached, and for the reasons therein given the judgment appealed from is affirmed.

FITZGERALD, J.,   McFARLAND, J.,
GAROUTTE, J.,   DE HAVEN, J.

Rehearing denied.

HARRISON, J., and VAN FLEET, J., dissented from the order denying a rehearing.