[Civ. No. 13986.  Second Dist., Div. Two.  Mar. 31, 1943.]

Estate of NEWTON E. SPENCE, Deceased. GEORGE SHUBURGH, as Executor, etc., Respondent, v. JOHN F. SPENCE, Appellant.

LeRoy N. French, Schell & Delamer and Stuart McHaffie for Appellant.

Clyde Doyle, Preston W. Johnson and Henry F. Walker for Respondent.

McCOMB, J.—This is an appeal from an order of the Superior Court of Los Angeles County, sitting in probate, construing certain provisions of the last will and testament of Newton E. Spence, deceased.

The essential facts are:

Newton E. Spence died testate on September 11, 1941, leaving as an heir at law his brother John F. Spence, appellant herein.

So far as essential here, decedent's will read thus:

## "First

"I declare that I was never married and therefore I have no children, and that my mother and father are both dead. I have one brother, John F. Spence, at or near Elizabeth City, North Carolina.

## "Fifth

"I declare that I do not want anyone to take any of my estate except as in this last will and testament provided.

## "Sixth

"I give and bequeath unto my brother, John F. Spence, the sum of One Dollar ($1.00) and no more, and if he become deceased before receiving said sum of one dollar from my estate leaving child or children, then I do not desire that his children take anything from my estate.

## "Seventh

"After all my debts and costs of administration have been first paid, I direct that my estate be divided into two **equal** portions:

"One equal portion thereof, I give, devise and bequeath in manner following:

"One-half (½) thereof to George Shuburgh, a friend of mine, and a great friend of my beloved friend, Harree Sollenberger, and my friends, Mr. and Mrs. C. B. Rudge, who were great friends of my beloved friend, Harree Sollenberger. They are now assisting me at 326 East Tenth Street, Long Beach, California.

"The other equal portion or one-half of my estate shall be divided as follows: and which shall be divided in equal shares and distributed to the following:

"1. Mrs. McDonald, Bellflower, California. . . . (etc., listing a total of eight beneficiaries.)"

After the will had been admitted to probate, the executor asked the probate court to instruct him whether he should construe the Seventh paragraph of the will, as, (a) distributing to George Shuburgh, one-half of one-half of the estate, and to Mr. & Mrs. C. B. Rudge, the other one-half of said one-half of the estate, or, (b) distributing to George Shuburgh one-third of a half of the estate and to Mr. and Mrs. C. B. Rudge each one-third of a half of the estate.

Appellant filed a pleading suggesting that the word "thereof" appearing in the third sub-paragraph of paragraph Seventh of the will referred to "one equal portion"

mentioned in the second sub-paragraph as the total amount distributable to Mr. and Mrs. C. B. Rudge and respondent, and therefore, that decedent died intestate as to one-fourth of his estate.

After a hearing the trial court filed a document denominated "Order and Opinion on Petition to Construe Will." This document contained the following statement and order:

"The court is of the opinion that the provisions in question dispose of all of the 'first half' of the estate, and that the second interpretation suggested by counsel for the executor is the more tenable one; that is, that Mr. Shuburgh and Mr. and Mrs. Rudge each are given one-third of one-half of the entire estate. . . . "

"It is therefore ordered that the said will be construed accordingly."

Two questions are presented for our determination, which will be stated and discussed hereunder seriatim.

■ *First: Was the "Order and Opinion on Petition to Construe Will" a final order and thus appealable under the provisions of section 1240 of the Probate Code?*

This question must be answered in the affirmative. It is evident from a reading of the order that the probate judge intended it to be a final order and not a preliminary order for a subsequent judgment. Therefore, the order is appealable.

■ *Second: Was the construction placed upon paragraph Seventh of the will by the probate judge correct?*

This question must likewise be answered in the affirmative. It is true that a strictly logical and grammatical construction of paragraph Seventh, without reference to any other provision in the will, would lead to the conclusion that decedent had disposed of only three-fourths of his estate and therefore died intestate as to the remaining fourth of it. However, we are led to a different conclusion by the following established rules of law:

■ (1) A will must be read as a whole; all parts thereof are to be construed together and in relation to each other so as to form, if possible, a consistent whole. (Sec. 103, Probate Code, *Estate of Northcutt,* 16 Cal.2d 683, 689 [107 P.2d 607].)

■ (2) A will is to be construed according to the intention of the testator as expressed therein. (*Estate of Lawrence,* 17 Cal.2d 1, 6 [108 P.2d 893].)

■ (3) A will should be interpreted, if possible, in such

manner as to prevent intestacy where the testamentary document evinces an intention on the part of the testator to dispose of his entire estate. (*Estate of Lawrence, supra*, 7.)

■ (4) The words of a will are to receive an interpretation which will give some effect to every expression therein, rather than one which will render any expression inoperative. (*Estate of Tompkins*, 132 Cal. 173, 177 [64 P. 268].)

■ From a reading of the will of the deceased with the foregoing rules in mind, it is evident that the testator intended to dispose of his entire estate. Paragraph Fifth thereof reads as follows:

"I declare that I do not want anyone to take any of my estate except as in this last will and testament provided."

Also it is clear, in view of the Sixth paragraph of his will, that it was decedent's intention that his brother, appellant, should receive only one dollar from his estate.

By placing the construction on the Seventh paragraph of the will that was given to it by the probate judge, we meet all the requirements of the above stated rules. The will is construed: (1) as a whole, (2) in accordance with the intention of the deceased, (3) so as to prevent intestacy, and (4) so as to give effect to each and every expression used therein.

On the other hand, the construction suggested by appellant, violates each of the above rules.

For the foregoing reasons the order is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 27, 1943.