[Civ. No. 17322.   Second Dist., Div. One.   Dec. 31, 1949.]

Estate of LILLIAN GRACE BLALOCK, Deceased. FLORENCE DOROTHY DRIGGS, Respondent, v. JAMES E. BLALOCK, Appellant.

Herbert V. Walker for Appellant.

Arthur H. Blanchard and Robert E. Friedrich for Respondent.

WHITE, P. J.—Lillian Grace Blalock, deceased, left a purported holographic will which was admitted to probate, the respondent, Florence Dorothy Driggs, a niece of the testatrix, named in the will, being appointed administratrix with the will annexed.

The will in controversy, written upon two sheets of lined paper apparently torn from a small memorandum book, is as follows:

"Sheet No. 1:

Last Will
Glendale, California
June 10th, 1945

Niece
Florence Dorothy
Davis (now
Mrs. Jack L. Driggs

514 Santa Paula
Santa Paula, Calif

C/o Mr. and Mrs
Will Driggs

or c/o Father,
John Fred ~~Davis~~
Davis
212 N. Ave. 55
Los Angeles (42)
California

"Sheet No. 2:

> 918 E. Acacia Ave
> Glendale 5—Calif
>
> My only living
>   relative
>
> In case of serious
> accident please
>   notify.    ″
>            ″
>
> In case of death
> I will all real
> and personal
> belongings
> after funeral
>   expenses
> Owe $1200.00 loan
>   on property
> and $500.00 note sewer
> Total 1700.00 @ 6 per cent
>   to Ann (?) B. Sinclair
> 00   35.00 E. 4th St
>   Los Angeles (33)
>   California"

Sig. (Aunt) Mrs. James E. Blalock Lillian Grace Mitchell

Shortly before the expiration of the six-months' period within which a contest of a will after its probate may be filed (Prob. Code, § 380), the husband of decedent filed a contest upon the sole ground "That said purported will was not at the time of its admittance to probate or at any other time, or at all, a valid will in that it does not appear therefrom that the decedent intended by said purported will itself that the property of the said decedent pass to said Florence Dorothy Driggs, the person claiming thereunder or to any other person." A general demurrer was sustained to the contest, whereupon the husband filed a "first amended contest" setting forth six grounds. A motion to strike the first amended contest was granted and thereafter a "judgment of dismissal" of the original and first amended contests was entered. The husband appeals from the order sustaining the demurrer to the original contest, the order granting the motion to strike the first amended contest, and the judgment of dismissal.

Five of the grounds contained in the first amended contest were held to be mere restatements of, or included in, the first contest filed. These grounds were stated as follows:

"That said instrument so admitted to probate is not a valid will, (1) in that it is not testamentary in character. . . . (2) in that it fails to name or designate any person to take any of the estate or property of deceased thereunder. . . . (3) in that it appears from the document itself, that said deceased did not intend by said document to make any disposition of her property after her death in favor of Florence Dorothy Driggs or any other person whomsoever. . . . (4) in that, assuming it to be written and dated by the hand of said deceased and otherwise testamentary in character, it is on its face an incomplete document and that the purported signature of said deceased which appears in the margin of the first page thereof was not affixed thereto by said deceased for the purpose of execution or authentication at the end thereof as the last will of deceased. . . . (5) in that it is not a last will or testament and in that said deceased did not express in said instrument or intend thereby to make any testamentary disposition of her estate."

The ground which it is contended states a wholly new ground of contest, and being filed after the expiration of six months from the admission of the will to probate, is barred, reads as follows:

"That said instrument admitted to probate as aforesaid is not a valid holographic will of said deceased in that it is not written, dated and signed by the hand of said deceased herself."

Appellant presents two points as grounds for reversal. First, that the original contest and the first amended contest "did, in each of them, state a cause of action." Under this heading it is argued: "Both the original and the amended contest of will and petition for order revoking probate contained allegations to the effect that the will was not testamentary in character, which is a question substantially affecting the validity of the will. . . . In order for a document to be the last will and testament of a deceased person it must in addition to meeting all other legal requirements, clearly show that the decedent intended it to take effect only after his death and it must satisfactorily appear therefrom that the decedent intended by the paper itself to make disposition of his property in favor of the party claiming thereunder. (Citing authorities.) . . . Applying the above quoted rule to the alleged will herein it is to be noted that it does not satisfactorily appear from the paper itself that the testatrix

intended to make a disposition of her property to her niece, the party claiming under it. There are no words contained in the paper itself designating to whom the property is to be given. In other words the will does not state 'I give to' or use any other words that satisfactorily show that any person is to receive the property. . . .''

Appellant's second ground of reversal is that the ground of contest which alleged that the will was not written, dated and signed by the hand of the testatrix herself was filed within the time permitted by law. It is argued: ''The subject matter of the first amended contest . . . , while it did state different grounds in addition to the grounds set forth in the contest of will after probate, was based upon the same set of facts as formed the basis of the contest of will after probate.''

Taken in their entirety, the grounds stated by appellant in his original contest simply amounted to a claim that the document here in question is not a valid holographic will. If this claim be resolved against him, then the action of the trial court in sustaining the demurrer thereto must be upheld.

We are convinced that the document now before us is a valid holographic will. This we say because section 53 of the Probate Code, in part, defines such a will as ''. . . one that is entirely written, dated and signed by the hand of the testator himself. It is subject to no other form, and need not be witnessed. . . .'' Manifestly, the instrument before us complies therewith.

Appellant's contention that the will admitted to probate does not satisfactorily show that by it the testatrix intended to make disposition of her property to her niece, is met by an examination of the will in the light of rules of construction promulgated by the courts and the statutes of this state. The problem of the probate court, now presented to us, is to find the intention of the testatrix from the language used. In seeking such intention, there are certain well-settled principles of interpretation and construction enumerated by the courts. These principles were epitomized by our own Supreme Court in *Estate of Peabody*, 154 Cal. 173 [97 P. 184], as follows:

''The important thing is the intention of the testator (sec. 1317 [Civ. Code, now Prob. Code, § 101]). This is to be ascertained from the words of the will, taking into view the circumstances under which it was made [Prob. Code, § 105]. All parts of the will are to be considered in relation to each other so as to form, if possible, a consistent whole [Prob.

Code, § 103]. Words are to be taken in their ordinary grammatical sense, unless a clear intent to use them otherwise is apparent and that sense can be ascertained [Prob. Code, § 106]. Technical words are not to be taken in their technical sense if it satisfactorily appears that the will was drawn solely by the testator and that he was unacquainted with such technical sense [Prob. Code, § 106]. 'A technical construction of words and phrases, although *prima facie* the one which should prevail, will not go to the extent of defeating any obvious general intention of the testator, since wills are often prepared by those wholly unacquainted with the precise technical force of legal formulas.' . . .''

■ As suggested by respondent, ''It is apparent from the reading of the will that the testatrix had in mind the making of a will, the *animus testandi*, particularly when it is noted that she entitled the document her 'Last Will', and used the expression, 'In case of death I will all real and personal belongings after funeral expenses,' in the instrument. The common experience of man would dictate a presumption that the testatrix, when she wrote out her will, meant to dispose of her property and that she had an intended beneficiary in mind, and if that intended beneficiary can be reasonably ascertained from the will, then the intended beneficiary should take the property disposed thereunder.

''The problem with regard to this will is, that the testatrix failed to name the intended beneficiary in the same sentence, or paragraph, in which she used dispositive words. She did, however, name and fully describe her niece, including both the niece's maiden and married name, the niece's address, and several persons and addresses through which the niece might be contacted. Elsewhere in the instrument and near the end thereof, the testatrix described her indebtedness, the amounts thereof, the security therefor, the person to whom the debt is owed, and the address of the creditor.''

Though it be conceded that the will here in question may not be as clear as could be desired, nevertheless, the intention that the testatrix sought to express therein can be readily ascertained. ■ It is the rule in this state that in the construction of a will the objective should be to ascertain the meaning of the testator rather than the meaning of the words used. To that end, when it clearly appears on the face of a testamentary document that the maker's meaning is not completely expresed by the words used, and it is also clear what

words are omitted, those words may be supplied in order to carry out the intention as manifested by the context. Also, in order to learn the intention of the testator, the whole will may be scrutinized, and words may be interpolated or transposed. (*Estate of Johnson*, 107 Cal.App. 236, 242 [290 P. 314]; *Mitchell* v. *Donohue*, 100 Cal. 202, 208 [34 P. 614, 38 Am.St.Rep. 279]; *Estate of Moorehouse*, 64 Cal.App.2d 210, 215 [148 P.2d 385]; *Estate of Goetz*, 13 Cal.App. 292, 295 [109 P. 492].)

█ Recognizing the rules just enunciated, and applying them to the testamentary document before us, the trial court was justified in concluding that the name of respondent Florence Dorothy Davis (now Mrs. Jack L. Driggs) should be considered as placed immediately after the words "I will" as they appear in the instrument (*In re Stratton*, 112 Cal. 513, 518 [44 P. 1028]; *Estate of Ottoveggio*, 64 Cal.App.2d 388, 392 [148 P.2d 878]). While, of course, conjecture and speculation cannot be indulged in to import into the will of a testator something which no language used by him warrants, simply because he seems to have omitted something which it is reasonable to assume should have been provided for, still, when he has used language which can be reasonably interpreted to raise a devise or bequest, it should be so construed. █ The construction of a will is a question of law. (*Estate of Ottoveggio, supra*, p. 391.)

After reading the will in its entirety, and keeping in mind the general rules of construction herein set forth, we have no hesitancy in holding that the construction given the will by the probate court judge is far more reasonable than the one contended for by appellant in his contest. The demurrer interposed upon the ground that appellant's contest of will failed to state facts sufficient to constitute a ground for revocation of probate was properly sustained.

█ We come now to a consideration of appellant's attack upon the order of the probate court by which the first amended contest of will after probate was stricken, for the reason that the same stated a wholly new ground of contest and was not filed within the time provided by section 380 of the Probate Code. The ruling of the probate court was correct. The only ground for contest alleged in the original contest was to the effect that the document was not testamentary in character. By paragraph three of the first amended contest of will, hereinbefore set forth, appellant sought to add another separate and distinct ground of contest, namely, lack of due execution.

The purported amendment stated a new cause of action, one to contest the will upon grounds not theretofore pleaded, and it having been filed beyond the statutory period, the court was without jurisdiction to entertain it, because the probate of the will was then conclusive as to any grounds not filed within the statutory period. Appellant's contention that while the two contests "did set forth different grounds," they were "based upon the same set of facts," is unavailing. Appellant concedes there are only four grounds for contest of a will, namely, as specified in section 371 of the Probate Code (see, also, section 382 of the Probate Code as affecting similarity of issues in contests after probate as in contests before probate) : (1) "The competency of the decedent at the time of the execution of the will or testament." (2) "The freedom of the decedent at the time of the execution of the will from duress, menace, fraud, or undue influence." (3) "The due execution and attestation of the will by the decedent or the subscribing witnesses." (4) "Any other question substantially affecting the validity of the will."

It is manifest, as hereinbefore pointed out, that by paragraph three of the first amended contest of will after probate appellant sought to add another separate and distinct ground of contest to the grounds contained in his original contest of will after probate, namely, lack of due execution, the third enumerated ground of contest above set forth. ■ It is settled law in this state that such an amendment is not permissible unless filed within the statutory time allowed for the contest of a will (*In re Wilson,* 117 Cal. 262, 268 [49 P. 172, 711] ; *Estate of Ricks,* 160 Cal. 467, 473 [117 P. 539] ; *Estate of Russell,* 189 Cal. 759, 774 [210 P. 249] ; *Estate of Black,* 56 Cal.App.2d 796, 799 [133 P.2d 673]).

The attempted appeals from orders sustaining the demurrer to contest of will after probate and granting a motion to strike the first amended contest of will after probate are dismissed, for the reason that the correctness and validity of such orders are reviewable on appeal from the judgment. The judgment is affirmed.

Doran, J., and Drapeau, J., concurred.