[Civ. No. 4467. Fourth Dist. Oct. 29, 1952.]

Estate of LEROY F. WILLIAMS, Deceased. J. EARL NICHOLS et al., Respondents, v. IDA M. WILLIAMS, Appellant.

Allard, Brownsberger, Shelton & O'Connor and L. A. Shelton for Appellant.

Marlin H. Shirley and Swing & Gillespie for Respondents.

BARNARD, P. J.—This is an appeal from an order overruling objections to a petition for distribution, and from an order of distribution.

Leroy F. Williams died on March 14, 1950, leaving an holographic will dated January 18, 1950. This will consisted of one page and purported to dispose of all of his property in California, and in another clause of his property in New Mexico.

In due course, the executors filed a petition asking for a decree distributing $1,000 to G. G. Williams, and all other property in California to W. A. Williams. G. G. Williams filed objections, contending that all of the California property, except for $1,000, should be distributed to him or, as an alternative, that the California estate should be divided equally between them, except that an additional $1,000 should go to him. The court adopted the interpretation placed on the will by the executors and entered a decree distributing $1,000 to G. G. Williams, and the remainder of the California property to W. A. Williams. This appeal followed.

There was no conflict in the evidence. The matter was submitted upon the will itself, with a stipulation that the testator had received but a third grade education; that he was 65 years old when the will was executed; and that at that time G. G. Williams and W. A. Williams were his only living brothers.

The disputed portion of the will, and the only part which refers to the California property, reads as follows:

"I give devise and bequeath unto my beloved Brothers W a Williams. all my holdings in the state of Calif all dinonds and house furnishings included Whatsoever except $1000. cash to go to G. G. Williams my Brother"

The appellant contends that the quoted provision is divided into two sentences, and that three constructions are possible: (1) that the construction adopted by the court, giving all of

the property to W. A. Williams, except for $1,000, can be reached only by ignoring punctuation, capitalization and sentence structure, and by ignoring or changing the word "Brothers"; (2) that upon a literal reading the only sentence in which W. A. Williams is mentioned is meaningless, and if that sentence is ignored the other sentence gives all of the property to G. G. Williams, except for $1,000 in cash; (3) that a proper construction would be to interpolate the words "and G. G. Williams" after the name "W. A. Williams" and join the two sentences by omitting the period, thus giving all of the property to "my beloved Brothers W. A. Williams and G. G. Williams . . . except $1000 cash to go to G. G. Williams my Brother."

The appellant argues that the first of these constructions, which was adopted by the court, violates the fundamental rules of construction, ignores the punctuation and sentence structure, and changes the word "Brothers" from plural to singular. It is conceded that the second violates the rules that the words of a will are to be so construed as to give effect to all parts, when possible, and that a construction resulting in partial intestacy is not favored. It is then argued that the third should be applied here; that it violates no rule of interpretation; and that it merely corrects an omission by adding the name of G. G. Williams to an otherwise imperfect description, and by "joining the two sentences into a coherent phrase." It is further argued that existing rules provide that omitted words may be thus added to correct an imperfect description; that the description of a beneficiary prevails over the name, where there is a variance; that the general intent prevails over a particular intent; that devises and bequests may be found by implication; and that all presumptions favor an intent to follow the laws of succession, and to make a natural division of the property.

The general rules for construing a will are well settled, and it is unnecessary to review or analyze the authorities here cited. ■ The cardinal rule is that the will should be construed in accordance with the intention of the testator. ■ This intention is to be sought for by looking to the entire will, by examining the language in question, and by determining what was meant by the words actually used. ■ Presumptions and other rules, when necessary, must be used to supplement and aid the application of these primary rules, and not as substitutes therefor. ■ Ordinary rules

for punctuation and capitalization are important under some circumstances, but are not controlling when it appears from the natural sense of the language used that a strict application of such rules would distort or change the expressed intention, and prevent a reasonable construction of the will. This is particularly true where the entire will discloses that the testator paid little or no attention to these matters. (57 Am.Jur., § 1115, p. 753.) This principle has been followed in this state. (*Estate of Ottoveggio,* 64 Cal.App.2d 388 [148 P.2d 878].; *Estate of Lewis,* 91 Cal.App.2d 322 [204 P.2d 898]; *Estate of Olsen,* 9 Cal.App.2d 374 [50 P.2d 70].)

Having examined the original will, we have arrived at the same conclusion as that reached by the trial court. This testator was a man of limited education, and his will discloses that he paid little attention to punctuation or capitalization. Some 40 such errors appear in this will; a period is improperly used in many places; in several places there is no period at the end of a sentence or paragraph; and in 12 places a period appears in the middle of what is obviously a sentence, where commas would ordinarily be used. Under these circumstances, the period following the first word "Williams" cannot be taken as disclosing an intent to separate the quoted clause into two separate sentences. Obviously, the two portions of this clause or sentence were intended to go together. The testator was also careless about capitalization. In another instance, in disposing of his New Mexico holdings, he spoke of property "i own" in a certain county.

It seems equally clear that no imperfect description appears in using the plural "Brothers." In what was obviously intended to be the same sentence the testator named both brothers, saying what each was to receive. While the language is crude, the intention clearly appears to give all property in California to W. A. Williams, except for $1,000 which was to go to G. G. Williams. In our opinion, any other construction of the language in dispute would not be reasonable. To treat the words before the period as meaningless, or to interpolate the name of the other brother after the name W. A. Williams, would be to rewrite the will and ignore an intention disclosed by the words actually used.

The orders appealed from are affirmed.

Griffin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 22, 1952.