250 Cal.App.2d 576 (1967)
Estate of ALLAN BRUCE CAMPBELL, Deceased. BANK OF AMERICA, as Trustee, etc., Petitioner and Respondent,
v.
JAY H. HALAS, Individually and as Executor, etc., et al., Claimants and Appellants.
Civ. No. 24215. 
California Court of Appeals. First Dist., Div. Four. 
May 1, 1967.
 Ray A. Gallo for Claimants and Appellants. *578
 Vizzard, Baker, Sullivan & McFarland and James Vizzard for Petitioner and Respondent.
 CHRISTIAN, J.
 This is an appeal from an order entered on the petition for instructions of respondent Bank of America National Trust and Savings Association as trustee under the will of Judge Allan B. Campbell. Judge Campbell made provision in his will for his three children, Jean Campbell, Kathleen Campbell Halas, and Allan B. Campbell, Jr., and for Kathleen's son, Jon Halas. Kathleen died before the trusts created by the will had terminated; the will did not make clear provision for that contingency and the trustee needs a definition of the surviving beneficiaries' rights.
 The relevant clauses of the will may be summarized as follows:
 Fourth. Bequeaths to Jon $2,000 to be placed in the trust created by the seventh paragraph.
 Sixth. Gives to the bank, in trust for Kathleen,
 (1) three parcels of realty, one of which she may occupy rent free, two the rental income of which she is to receive monthly.
 (2) a percentage of an oil royalty to be accumulated for three years and then distributed according to directions.
 Seventh. Gives to the bank, in trust for Jon, a percentage of an oil royalty, to be accumulated until he enters college. The trustee is to pay college expenses as they become due, and pay over the corpus and accumulated income to Jon when he reaches age 30.
 Ninth. Gives to Jean, in trust for Allan, Jr., a secured note and a percentage of the oil royalty.
 Eleventh. Gives all cash on hand to the three children, equally. Kathleen's share is placed in the trust created for her by clause six, but if the provision for Jon is insufficient to complete his college education, the trustee is to transfer an additional $3,000 to his account from Kathleen's residue account.
 Allan, Jr.'s share is to be distributed to Jean as trustee, under the provisions of clause nine.
 Twelfth. All the residue of the estate passes to Jean in trust, the income to be divided equally among the three children. The trustee is given authority to liquidate and sell any assets and distribute the proceeds to the beneficiaries in their respective shares.
 Thirteenth. "The following provisions apply to each of the above trusts: *579 "
 "Should any of my said children be then deceased leaving no issue surviving at the date of the termination of these trusts, then, in that event, the share of such deceased child shall be distributed, share and share alike, among the then living heirs of my body."
 "Any other provisions hereof to the contrary notwithstanding, all trusts shall fully cease and terminate twenty (20) years after my death. Upon such termination the entire principal of the trust estate, together with any undistributed income thereof, shall vest in and be distributed to the persons entitled to take under the provisions hereinabove set forth, and if there be no such persons surviving, then to the then living persons who would be my heirs had I died at the time in the proportions as determined by the laws of succession of the State of California."
 "It [sic] at any time or times during the life of this trust one of the participating beneficiaries shall be in want of additional moneys for reasonable maintenance, comfort and support or for expense of accident, illness or other misfortune, or in case of a child, for his or her reasonable education including study at a higher institution of learning, in each such case it shall be the duty of the trustee, upon receipt by it or her of satisfactory evidence of such want, to pay to or to use or to extend to the beneficiary so entitled thereto use of the principal such sum as may be necessary to meet such want, and the amount thereof shall be charged up to the beneficiary so receiving same."
 In its petition, the trustee pointed to the failure of the will to regulate the payment of income in the event of a beneficiary's death. In addition, the trustee sought instructions on the possible effect upon the interests of Jon Halas of the provisions for discretionary payments set forth in clause thirteen. The petition declared the belief of the trustee that Jon Halas, as the son and only issue of Kathleen, "is now entitled to receive the net income and discretionary payments."
 By her own will, Kathleen attempted (1) to give her son, Jon, and her husband, Jay Halas, the right to occupy rent free the residence which she had occupied under clause six of her father's will and (2) to give any other interest she had under her father's will to her husband in trust for him and their son. In pursuance, Jay, as executor of Kathleen's will, filed a separate petition for instructions in the Campbell estate urging that Kathleen had a vested right in the corpus *580 of the trust, postponed in enjoyment until termination of the trust, and that this interest should be held to be part of her estate.
 A separate appearance was made for Jon by his guardian ad litem to advance the possible interpretation that there was an implied gift to Jon upon his mother's death.
 The court ruled that the trust created by clause six will not terminate until 20 years after July 18, 1960, the date of Judge Campbell's death, and that Jon Halas is not entitled to any present benefit, either in the form of cash or a right to occupy the Morro Bay house except for the right established by clause eleven to invade Kathleen's share for educational purposes if the benefit established by clause seven proves to be inadequate for that purpose. [fn. 1]
 Jay Halas and Jon Halas both appeal, contending that either Kathleen took a vested remainder which at her death passed as directed in her will or that there was an implied gift over to Jon under the trustor's will upon her death.
 [1] The construction of a will is a question of law, and the cardinal rule is that a will is to be construed according to the intention of the testator. (Estate of Blake (1910) 157 Cal. 448, 458- 459 [108 P. 287]; Estate of Bateman (1962) 205 Cal.App.2d 792, 795-796 [23 Cal.Rptr. 445]; Estate of Ottoveggio (1944) 64 Cal.App.2d 388, 391-392 [148 P.2d 878].) The will and its entire dispositive scheme should be considered together. (Prob. Code, 103; Estate of Franck (1922) 190 Cal. 28, 31 [210 P. 417].)
 [2] In construing a will, the rules favoring early vesting, and vested, rather than contingent, remainders may be applied *581 to resolve uncertainties, where the testator's intention is imperfectly expressed. (Estate of Stanford (1957) 49 Cal.2d 120, 124 [315 P.2d 681]; Estate of Liddle (1958) 162 Cal.App.2d 7, 14-15 [328 P.2d 35].) Estate of Blake, supra, a leading California Supreme Court case with a dispositive scheme and language similar to the case at hand, is relied on by both appellants and respondents. (157 Cal. 448; disapproved in part, Estate of Stanford, supra, 49 Cal.2d 120, 129; see, in general, Halbach, Future Interests: Express and Implied Conditions of Survival, Part II, 49 Cal.L.Rev. 431, 453-456.)
 In Blake, the testator's will created trusts for his two daughters and a grandchild, providing that the trustees pay income in equal proportions quarterly to the three beneficiaries until they respectively reach the age of 30, " '... and as each of my said daughters and granddaughter arrives at the age of thirty years she shall have the right to demand and receive one third of the rest and residue of my said estate as her distributive share thereof, and to have and hold the same to her and her heirs forever, and if either of my said daughters or granddaughter shall die without issue and before she receives her distributive share of my estate, it is my desire that her share of my said estate shall go to the surviving daughter, daughters or granddaughter as the case may be, share and share alike.' " (157 Cal. at 452.) The granddaughter, a child of a deceased third daughter, died at the age of 27, survived by her own two children. The testator's two daughters each claimed one-third of the granddaughter's share as intestate property of the testator, claiming that the granddaughter had a contingent remainder which failed because it was conditioned on surviving to the age of 30. The court held that, while the remainder was contingent, there was an implied gift over to the issue of the granddaughter if she died under that age leaving issue. (157 Cal. at pp. 460, 464, 467-470, 472.)
 In reaching its conclusion, the court observed that by strict construction the granddaughter's share fell intestate since neither the contingency upon which her interest could vest (survival to age 30) nor the contingency upon which the devise over to the survivors (death without issue before termination) had occurred. (157 Cal. at 467.) By applying the presumption against intestacy, however, the court held that "... it is a fair and just inference that in providing for the limitation over on the death of a beneficiary 'without issue' *582 that he intended the issue should take the share of a parent rather than that such share should revert to his estate, which would be the effect unless the phrase is to be construed as an implied devise to such issue." (157 Cal. at 468; for the presumption avoiding intestacy, see Prob. Code, 102, 125; Estate of Beldon (1938) 11 Cal.2d 108, 111-112 [77 P.2d 1052]; Estate of Bateman, supra, 205 Cal.App.2d 792, 796.)
 Here a strict construction of clause thirteen may also lead to an intestacy, since Kathleen's share can never vest and the express gift over cannot take effect unless Jon in fact fails to survive until the date of termination. The doctrine of an implied bequest to issue in similar situations appears to be well established in California law. (Brock v. Hall (1949) 33 Cal.2d 885, 887-888 [206 P.2d 360, 11 A.L.R.2d 672], extending the doctrine to inter vivos trusts; Estate of Heard (1944) 25 Cal.2d 322, 328 [153 P.2d 553]; Estate of Hubbard (1954) 122 Cal.App.2d 942, 945, 947 [266 P.2d 196]; Estate of White (1948) 84 Cal.App.2d 409, 416 [190 P.2d 968].)
 [3] The testator expressly directed that upon termination "the entire principal of the trust estate, together with any undistributed income thereof, shall vest in and be distributed to the persons entitled to take under the provisions hereinabove set forth, ..." The use of the phrase "shall vest in and be distributed" tends strongly to show that neither the corpus nor income was to vest before termination. In Estate of Blake, supra, 157 Cal. 448, the word "vest" was not used and the court construed the words " 'to demand and receive ... [the corpus] as each arrives at the age of thirty years' " (p. 461) to negate, as to both enjoyment and title, the presumptions favoring early vesting and vested reminders. (157 Cal. at pp. 460-462.)
 In Estate of Stanford, supra, 49 Cal.2d 120, 129, the court expressly disapproved of language in Blake which assumed that a gift of a future interest to a class was contingent on survival. (See Prob. Code, 123.) The holding in Stanford, however, was that the remainder interest of a member of a class where there is no requirement of survivorship is vested subject to open. "The net result of the Stanford case is that a condition precedent of survivorship will not be implied, in a will which omits the technical term 'vest,' to defeat the presumption in favor of vested interests merely because (1) words of a present gift are absent, or (2) a trustee is to deliver the property at a later date, or (3) the gift of a future interest is to a class. ..." (Estate of Haney (1959) 174 *583 Cal.App.2d 1, 10-11 [344 P.2d 16].) Here, as in Haney, there is a literal basis for imposing a condition precedent of survival, which is enough to distinguish Stanford, leaving the Blake doctrine applicable. (174 Cal.App.2d at p. 11.) The testator used the term "surviving" twice in clause thirteen, once in the same sentence as the word "vest."
 The result of the construction which we place on the testator's will is that Kathleen had a right in her lifetime to income and shelter which terminated upon her death. Kathleen is the only beneficiary named in clause six, and clause thirteen expressly stated that it was at the date of termination that interest will "vest in ... the persons entitled to take under the provisions hereinabove set forth. ..." [4] Since Kathleen had no interest in the income upon her death, the attempted disposition of such an interest in her will was futile. While we find an implied gift over to Kathleen's issue under the Blake doctrine, supra, the persons entitled to take under the implied gift cannot be determined until the date of termination of the trust. Then the gift will vest in Kathleen's surviving issue, if any; or, if none, then in the then living heirs of the testator's body, if any; or, if none, then in the testator's statutory heirs.
 [5] The implied gift to Kathleen's issue is a gift by purchase, not by succession. As the court stated in Blake, 157 Cal. at 472: "While there are some authorities ... holding that in a devise over 'without issue' the word 'issue' is a word of limitation, still the great weight of authority is to the contrary, and that as employed in the devise over under consideration here it is a word of purchase and implies a devise to the issue who thereby take as donees or purchasers under the will."
 In order to give due recognition and effect to the implied gift over of Kathleen's interest, the court's order on petition for instructions is modified by deletion of the last sentence of the first paragraph thereof and substitution of the following:
 [6] The court declares that the intention of the deceased trustor was to preserve the corpus of all trusts established in the will, except that created in clause seven, for 20 years succeeding his death, despite the death of any specific beneficiary, and to distribute the corpus and accumulated income either (1) to the specific beneficiary if he or she survives until termination, (2) or to the issue of the specific beneficiary at termination if the specific beneficiary dies before termination with *584 issue surviving, (3) or to the then living heirs of the trustor's body if the specific beneficiary dies without issue surviving at termination, (4) or if none of the above are surviving at termination then to the then living persons who would be the trustor's statutory heirs had he died at the time.
 As modified, the order is affirmed. Each party will bear his own costs.
 Devine, P. J., and Rattigan, J., concurred.
 "The trust established by Clause Sixth in the will of Allan Bruce Campbell, Deceased, is not terminable now, and cannot be terminated until the 20th anniversary of the death of the trustor. The corpus of this trust will be preserved until that date. The Court finds that the intention of the deceased trustor was to preserve the corpus of all trusts established in the will for the 20 years succeeding his death despite the death of any specific beneficiary, and to distribute the corpus and accumulation either to the beneficiary if alive, or by succession if at that time deceased."
 "The Court specifically finds that Jon Halas is not entitled to receive any present benefits from the trust established by Clause Sixth, and further finds that Paragraph 3 of Clause Thirteenth is not applicable to this trust."
 "The Court further finds that Jon Halas is not entitled to live rent free in the house provided under the trust. If residence there is continued, the surviving parent will be obliged to pay rent as fixed by the trustee."
 "Concerning the trust established in Clause Eleventh, a reserve of $3000.00 shall be maintained at all times until Jon Halas has completed his higher education, at which time, if not used for his education, shall revert to the main corpus of said trust."
NOTES
[fn. 1] 1. The full text of the court's instructions follows: