BRICKEN v. CROSS et al., Appellants.

Division One, June 12, 1901.

1. **Limitations:** AMENDED PETITION: HOW COUNTED. Whether the period of limitation should be counted backwards from the time of filing the original petition or from the time of filing the amended petition, depends on the question of whether the amended petition merely restates in more accurate words the same cause of action stated in the original, or states a different cause of action, or for the first time states any cause of action at all.

2. ———: ———: NEW CAUSE: EJECTMENT. Where the original petition called for an undefined four and a half acres of land, but described it by metes and bounds in such a way as to point out no tract at all, and left it uncertain whether, if the description had been completed, the north half or the south half of a certain 8.37

Vol 163 mo—29

acres was meant, and the amended petition changes the metes and bounds and includes land not sued for in the original petition, a new cause has been stated and the statute of limitations is to be counted backwards from the time of filing the amended petition.

3. **Conveyances:** MORE OR LESS. A call for a certain number of acres of land "more or less" is not a call for the number of acres named, as would have been the case had those words not been used, but their use limits the tracts to the number of acres indicated by the monuments used in the description.

Appeal from Carroll Circuit Court.—*Hon. W. W. Rucker,* Judge.

REVERSED.

*Hale & Son, Charles R. Pattison* and *Busby & Kneisley* for appellants.

(1) The only means of identifying and locating the land conveyed in the said deed from Turner and wife to plaintiff, is the description contained in the deed. If the description be so indefinite as to render the identity of the land wholly uncertain, then the deed is void. Hardy v. Matthews, 38 Mo. 121; Jennings v. Brizeadine, 44 Mo. 332; Campbell v. Johnson, 44 Mo. 249; Nelson v. Brodhack, 44 Mo. 603; Ford v. Unity Church Society, 120 Mo. 505. (2) This is the second time this cause has been before this court on appeal. Bricken v. Cross, 140 Mo. 166. Upon the former appeal this court reversed and remanded the cause for the reason that plaintiff's petition stated no cause of action, and that the judgment based upon it was a nullity. Since then, to-wit, on the thirteenth day of November, 1897, the plaintiff filed his amended petition. The plaintiff not only set up a new cause of action in his amended petition, but he set up the first and only cause of action therein that has been set up in this cause, and the stat-

ute of limitations in this case was not arrested upon the filing of the original petition, but continued to run to the date of filing the amended petition. Buel v. St. Louis Transfer Company, 45 Mo. 562; Lottman v. Barnett, 62 Mo. 170; Lilly v. Tobbein, 103 Mo. 490; Sims v. Field, 24 Mo. App. 566; Baker v. Railroad, 34 Mo. App. 113; Courtney v. Blackwell, 150 Mo. 271.

*Sam Winfrey* and *James L. Minnis* for respondent.

(1) The land recovered is a part of the tract that defendants concede, in their brief, was correctly and definitely described. It is insisted that there is no merit in defendant's objection in any event. "Twenty acres in the east part of the west half" is definite and certain. It is equivalent to saying twenty acres of or off of the east part, etc., or twenty acres the east part of the west half. Twenty acres in the east part of a quarter section means the east twenty acres of the quarter section. (2) It was not error to refuse defendants' instruction 9, because said instruction was not warranted by the facts in the case, as plaintiff and Busby were adjoining owners. As Busby claimed only to the true line, his possession was not adverse or hostile. Shotwell v. Gordon, 121 Mo. 482; Pharis v. Jones, 122 Mo. 125; Knowlton v. Smith, 36 Mo. 507. (3) The statute of limitation was arrested by the filing of the original petition and serving defendants with process. The amended petition relates back to that time. The amended petition set up no new claim. Lilly v. Tobbein, 103 Mo. 477; Buel v. Transfer Co., 45 Mo. 562. (4) The defendants, by their instruction 2, adopted the theory that the amended petition related back to the commencement of the suit, and they are now estopped from setting up the contrary theory. They can not now change front. Walker v. Owen, 79 Mo. 563; Harper v. Morse, 114 Mo. 317.

VALLIANT, J.—This is an action of ejectment. The original petition was filed April 4, 1894. This is the second appeal in the case. [Bricken v. Cross, 140 Mo. 166.] On the former appeal the judgment, which was for the plaintiff, was reversed on the ground that the petition did not describe the land embraced in the judgment, and the cause was remanded. Upon the return of the case to the circuit court the plaintiff filed an amended petition and the trial resulted again in a verdict and judgment for the plaintiff for a small part of the land sued for, from which the defendants take this appeal.

Upon the trial, it was admitted that Benjamin F. Turner was the original owner, and both plaintiff and defendant claim title under respective deeds through him; the defendant also claimed title by adverse possession. The plaintiff read in evidence a deed to himself from Turner and wife dated July 29, 1882, conveying land under the following description: "All twenty acres off of the north end of the following described tracts of land, to-wit: Thirty acres west part of the east half of the northeast quarter, also twenty acres in the east part of the west half of the northeast quarter of section 17, in township 52 of range 22," in Carroll county. The defendants objected to the deed in evidence because the description of the land was not definite enough to show the location of the twenty acres that were attempted to be conveyed. The objection was overruled and exceptions preserved. That deed, with evidence as to the value of the rents and profits, was all the evidence of the plaintiff in chief.

Defendants offered a deed from Turner and wife to Samuel J. Snider dated October 17, 1881, conveying land described as follows: "All that part of the east half of the east half of the west half of the northeast quarter of section 17, in township 52, range 22, that lies between the Wakenda creek and the foot of the bluff, containing twenty acres more or less."

Then defendants traced title in defendant Diedering (who is the landlord of the other defendant) by mesne conveyances under Snider to the land conveyed in that deed. Their evidence tended to show that the public road, referred to in the record, is located at the foot of the bluff and plaintiff's testimony in rebuttal was to the contrary. Defendants' evidence tended to show that they and their grantors under Snider had been in adverse possession of the land in dispute from some time in March or April, 1884, down to the present time. The original petition was filed April 30, 1894. In rebuttal the plaintiff introduced evidence tending to show that the possession of defendants' grantors did not begin until July, 1884. The verdict for the plaintiff was for only that small part of the land sued for, which lies in the thirty-acre tract mentioned.

The instructions to the jury directed a verdict for the plaintiff for that part of the land which the verdict covered, unless the jury should find for the defendants on the issue as to adverse possession, and on that issue required the defendants to show ten years' adverse possession prior to April 30, 1894, the date of filing the original petition, refusing an instruction asked by defendants fixing the date at November 13, 1897, the time of filing the amended petition.

I. The question of whether the date at which the defendants' ten years possession should have been complete to give them title should be that of filing the original, or that of filing the amended petition, depends on the question of whether the amended petition merely restated, in more accurate words, the same cause of action that was stated in the original, or stated a different cause of action, or for the first time stated any cause of action at all.

In Buel v. St. L. Transfer Co., 45 Mo. 562, the law was thus stated: "Where the amendment sets up no new matter or claim, but is a variation of the allegations affecting a de-

mand already in issue, then the amendment relates to the commencement of the suit, and the running of the statute is arrested at that point; but where the amendment introduces a new claim, not before asserted, then it is not treated as relating to the commencement of the suit, but as equivalent to a fresh suit upon a new cause of action—the running of the statute continuing down to the time the amendment is filed." And a number of authorities are cited in the opinion in support of the rule. The correctness of this rule was recognized in the later case of Lilly v. Tobbein, 103 Mo. 477; and also in Courtney v. Blackwell, 150 Mo. 271.

When this cause was here on the former appeal the court, per BURGESS, J., said: "While it may be that from the description of the land in the judgment, an officer charged with the execution of a writ of possession might be able to put plaintiff in possession of the land therein described, certain it is, that it can not be platted as thus described, because in doing so it must have for its base the description given in the petition, which is no foundation at all. If the petition states no cause of action because of its failure to describe or embrace within its description the land sued for, even though the judgment describes that part correctly which the plaintiff recovered, it is nevertheless erroneous because unauthorized by the petition."

The original petition calls for four and one-half acres of land, and describes or attempts to describe by metes and bounds the particular four acres and a half called for. This description, after fixing the point of beginning, is: "Thence running directly south 50 links; thence running west 12.50 chains; then north 6.70 chains; thence east 12.51 chains north 70 degrees west to the place of beginning." Following the courses and distances there indicated, if we should attempt to plat the land called for, we should have a plat similar to this:

Bricken v. Cross.

The manifest error in the description is in the last call for a northwest course to reach the place of beginning, which could only be reached by a course south. If the amended petition had merely corrected that error by describing a line on the east of the plat enclosing the area, and if, as so enclosed, it designated the land sued for, it would have been an amendment of the original cause of action and not the introduction of a new subject. But if such an amendment had been made it would have shown a plat containing 8.37 acres, whereas the original petition calls specifically for 4.50 acres. Therefore, if the metes and bounds had been so amended and had thus included the land intended to be sued for, it would not have specified what part of the area described was intended, whether the north half or the south half, the northeast or the southwest triangle. A line run from the northwest corner of the plat to the point of beginning would mark off to the southwest a

triangle embracing four and a half acres, but would leave to the northeast a triangle of nearly the same area, and there was nothing in the original petition to show which triangle, if either, was intended. But the amended petition did not correct the evident clerical error by describing a line to close the plat on the east, but took for its initial point the same place of beginning as that taken in the original petition and described the land sued for by metes and bounds as follows: "Thence west 13.13 chains; thence north 2.75 chains to a public road, thence in a southeasterly direction along said public road to a point directly north of place of beginning; thence south to place of beginning." This would give us a plat of triangular shape lying, for the most part but not entirely, within the plat above shown, having its southern line fifty links north of the southern line in that plat and its western line sixty-three links west of it. This triangle is indicated by dotted lines on the above plat.

Thus it will be seen that whilst the land called for in the amended petition is mostly included in that probably attempted to be called for in the original petition, yet, even if the particular error spoken of in the original had not occurred, there was nothing in that petition to indicate to the defendants where the four and a half acres claimed were located, and not until the amended petition was filed were they so informed. This is not a case in which the plaintiff sued for the whole tract of land embraced within the bounds stated in his original petition and afterwards filed an amended petition claiming a particular part only of that originally sued for. The original petition in this case, with the error corrected, called for an undefined four and a half acres within an area of eight and thirty-seven hundredths. It only differed in degree in uncertainty from what it would have been if plaintiff had sued for an undefined four and a half acres in the northeast quarter of the section mentioned.

The exact location of the land demanded is of particular moment in this case where the question of fact seems to have turned on disputed measurements and boundary lines.   We are of the opinion that the amended petition presented a new cause of action and the statute of limitation ran in favor of defendants until the amended petition was filed.   It was error, therefore, to have refused the defendants' instruction to that effect.

As this amended petition really introduced into this case a cause of action for the first time, it is proper to observe that where an original petition states a cause of action, but states it inaccurately or imperfectly, it may be amended, but when it states no cause of action at all, there is nothing to amend. But in this case the amended petition was filed without objection, the issues were joined and trial had, therefore, the propriety of allowing it to be filed is not in question.

II.   The instructions given show that the court interpreted the deed from Turner to plaintiff to mean that the thirty acres in the west part of the east half of the northeast quarter were to be laid off in a parallelogram measuring 7.50 chains from east to west and 40 chains from north to south, and being the westernmost part of the east half of that quarter section, and that the twenty acres referred to in the east part of the west half of that quarter were to be laid off in like shape along its whole length measuring 5 chains from east to west and 40 from north to south, so that the two together would make a body of fifty acres, 12.50 by 40 chains, and the twenty acres intended to be conveyed were to be laid off from the north end of that fifty-acre body in a parallelogram 12.50 by 16 chains.   So the court construed that the paper title to so much of the land sued for as lay within the thirty-acre tract was in the plaintiff, since the prior deed from Turner to Snider, under which the defendants claim, involved only the

twenty-acre tract in the east part of the west half of the quarter section in question.   Just here let us note that the deed from Turner to Snider, under which defendants claim, calls for "all that part of the east half of the east half of the west half of the northeast quarter....that lies between the Wakenda creek and the foot of the bluff, containing twenty acres more or less."   We can not ascertain exactly from the abstract whether this section 17 is of the usual size and shape, but presuming that it is, a call for twenty acres takes all that there is of that subdivision.   But of course, a call for twenty acres more or less is not absolute, and in this instance it is limited by the monuments referred to.   But the call for twenty acres more or less, shows that it was intended to take the principal part of the subdivision which ordinarily would have only twenty acres.   Therefore, in construing the deed from Turner to the plaintiff, in which he has referred to a tract of twenty acres in the east part of the west half of the quarter, we should bear in mind that the grantor had previously in his deed to Snider conveyed approximately all of that part of the west half of the quarter which the court construed to be included in the plaintiff's deed.

Let us illustrate these calls by a diagram:   The square represents the quarter section:

Bricken v. Cross.

The line B C running north and south divides the quarter section into east and west halves. J K marks off thirty acres on the west side of the east half, and A D twenty acres on the east side of the west half, and if those are the divisions called for, then H I is the southern line of the twenty acres conveyed by the deed to plaintiff. But the plaintiff's deed does . not locate the twenty acres in the west half more definitely than to say they are in the east part of the west half of the quarter. The east part of the west half contains forty acres,

if it is a full section, and is contained between the dotted line G L and the line B C. So far as the requirements of the deed are concerned, those twenty acres can as well be located in the space B E F G as in that of A B C D, and if in the former, then the south line of the twenty acres intended to be conveyed to the plaintiff indicated as H I, must be shifted north and prolonged west to the dotted line. So that it is impossible to say from that deed where the southern line and the west line of the twenty acres intended to be conveyed are to be drawn. Bearing in mind that at the date of the deed from Turner to the plaintiff the grantor did not own all of A B C D, having previously sold part of it, at least, to Snider, it would seem to follow that if he owned twenty acres in the east part of the west half it was, in part at least, west of the line A. D.

It is argued for respondent that it is immaterial where the twenty acre tract in the east part of the west half of the quarter is located, because the verdict covers only that part of the land sued for that lies in the thirty-acre tract to the east. But since the plaintiff's deed calls for twenty acres cut off of the north end of those two tracts, we can not draw the south line through the thirty-acre tract on the east until we know where to draw it also through the twenty-acre tract on the west.

The instructions, therefore, which assumed to locate the twenty acres conveyed in the deed from Turner to the plaintiff, were erroneous.

The judgment is reversed.

All concur.