No. 27,137.

ENOCH JENKINS et al., *Appellants*, v. ED JENKINS et al., *Appellees*.

SYLLABUS BY THE COURT.

WILLS—*Actions to Contest—Limitations—Effect of Amended Petition.* An action to contest a will must be filed within two years after its probate. (R. S. 22-223.) And where an amendment to a petition contesting a will was filed more than two years after the probate of the will setting up a new cause of action, a demurrer thereto was properly sustained.

Appeal from Pratt district court; GEORGE L. HAY, judge. Opinion filed November 6, 1926. Affirmed.

*F. L. Martin, Burt Comer,* both of Wichita, *J. B. Wilson,* of Lawrence, and *E. R. Barnes,* of Pratt, for the appellants.

*William Barrett, George Barrett* and *W. B. Hess,* all of Pratt, for the appellees.

The opinion of the court was delivered by

HOPKINS, J.: This controversy involves the validity of the purported last will and testament of James Jenkins, deceased. It was probated July 19, 1923. The action was filed May 15, 1925. On June 11 following plaintiffs filed an amended petition which contained three counts, and on October 2 following by leave of court filed an amendment to their amended petition. A demurrer to the amendment was sustained, and plaintiffs appeal.

The amendment reads:

"AMENDMENT TO AMENDED PETITION.

"Come now the plaintiffs and amend the petition herein by leave of court and add the following as an additional cause of action and a fourth count to the amended petition.

"FOURTH COUNT.

"The plaintiffs refer to the allegations of the first count of the petition, relating to the alleged execution of the last will and testament of James Jenkins, deceased, and make the said allegation a part hereof as if fully rewritten therein. The plaintiffs further allege that the alleged last will and testament, a copy of which is attached to the plaintiff's petition, is null and void upon its face for the following reasons, to wit:

"1. It violates the law against perpetuities.

"2. It is indefinite, uncertain and the estates therein attempted to be created are so indefinite, uncertain, and so evidently inconsistent with the in-

Wills, 40 Cyc. pp. 1257 n. 22, 1259 n. 31.

Jenkins v. Jenkins.

tention of the testator that the same are incapable of a reasonable and fair construction.

"3. That the remainders therein attempted to be created are so limited as to be void for remoteness and uncertainty.

"4. The estate attempted to be set apart as a residue and remainder is indefinite and uncertain and it cannot be determined by a fair and reasonable construction of the will when the said remainder or residue will vest or who will be the beneficiary thereof.

"5. The pretended last will and testament attempted to devise lands to a trustee, whose title is nominal only, and who has no power of disposition or management of such lands and fails to name a beneficiary.

"6. All of the paragraphs of the said pretended will, which attempt to give and devise lands, violates the law against perpetuities, attempts to create a passive trust, is indefinite, remote, uncertain, contingent and contradictory.

"Wherefore, the plaintiffs pray judgment of the court declaring said will null and void for the reasons herein set forth, in addition to the other relief prayed for."

The defendants demurred because the amendment does not state facts sufficient to constitute a cause of action, because said fourth cause of action alleged in said supplemental petition is barred by the statute of limitations, and plaintiffs have no capacity to set up such alleged cause of action.

The judgment of the trial court does not indicate on which of the three grounds the demurrer was sustained.

The plaintiffs admit that an action to contest a will must be filed within two years after the date of its probate (R. S. 22-223), but contend that the amendment, filed more than two years after probate of the will in this case, only enlarges and amplifies the amended petition which was filed within the two years. We do not so regard it. In our opinion the amendment goes beyond mere amplification of the allegations of the amended petition. Without setting out the lengthy amended petition it is sufficient to say that the amendment states an additional and entirely new cause of action, and the demurrer thereto was properly sustained.

Other questions urged in the briefs need not be discussed.

The judgment is affirmed.