251 S.W.2d 966 (1952)
MILLER
v.
MUNZER.
No. 28414.
St. Louis Court of Appeals, Missouri.
October 21, 1952.
Rehearing Denied November 14, 1952.
*968 Harold I. Elbert, St. Louis, for appellant.
Samuel H. Liberman, Richard D. Duncan, St. Louis, for respondent.
HOUSER, Commissioner.
This is a statutory suit to contest a paper writing dated December 28, 1933 and admitted to probate on March 25, 1938 as the last will and testament of Phil Miller, deceased.
Plaintiff, H. L. Miller, filed this suit on March 24, 1939 against Sadie Miller Munzer, the named beneficiary in the will, upon the sole ground that the execution of the will had been procured by the exercise of undue influence on the part of defendant. The original petition did not plead any facts showing that plaintiff was a person interested in the probate of the will, nor did the original petition contain any allegations with respect to the execution of another will subsequent to December 28, 1933. On August 30, 1940, more than two years after the date of the probate of the will, plaintiff filed his first amended petition alleging as an additional ground of contest that decedent in January, 1936 executed a will which revoked the will of December 28, 1933. On February 10, 1943 plaintiff interlined the following in his second amended petition:
"Plaintiff further states that Jacques B. Miller, dec'd, was a son of the above-named Phil Miller, dec'd, and that plaintiff is a son of the said Jacques B. Miller, and, as such, is a person interested in the probate of the alleged will, dated December 28, 1933, of the said Phil Miller, dec'd, and is therefore entitled to contest the validity of said Will under the provisions of Section 538 of the Revised Statutes of Missouri, 1939."
The second amended petition, after further pleading and rulings not now pertinent, was refiled by leave of court on June 29, 1948.
By her answer defendant raised the question of the jurisdiction of the court over the subject matter on the ground that in neither the original petition, nor in any amendment thereto filed within one year from the date the will was admitted to probate, did it appear from plaintiff's pleadings (1) that plaintiff was a person interested in the probate of the will and entitled to contest its validity; (2) that plaintiff was relying upon the revocation of the will by a later will. The answer further charged *969 that the new ground set up constituted a departure from the original petition, and alleged that the assertion of this new ground was barred by the period of limitation prescribed by § 538, RSMo 1939, section 468.580 RSMo 1949, V.A.M.S.
When the case came on for trial, and prior to the commencement thereof, the trial judge stated that he would exclude any evidence offered by plaintiff to show that the will of December 28, 1933 was revoked by a will executed in January, 1936. The trial judge took the position that such evidence would not be admissible because it was to be introduced in support of a ground of contest which was first alleged in an amended petition filed after the expiration of the one year period within which a will contest may be instituted. The taking of evidence commenced, and the defendant offered evidence to sustain the validity of the will of December 28, 1933. After defendant rested plaintiff announced that he desired to contest the validity of the 1933 will solely on the ground that it was revoked by the 1936 will. The court having indicated that this evidence would be excluded, plaintiff made an offer of proof of the proper execution and attestation of the will, and that the will contained a clause revoking all former wills. The court sustained defendant's objection to the offer of proof, whereupon counsel for plaintiff offered no additional evidence, except that the entire circuit court file was introduced in evidence. The court at the request of defendant then sustained a motion for a directed verdict, and at the direction of the trial judge the jury returned a verdict sustaining the paper writing of December 28, 1933 as the last will and testament of Phil Miller, deceased. In due course plaintiff perfected his appeal to this court.
The principal question for decision is whether the amendment of the petition, changing the ground of contest from undue influence to revocation, states a new and distinct cause of action substantially changing the cause of action set out in the original petition, or constitutes but a restatement of the original cause of action upon a different supporting ground. If the former, the court correctly ruled on the offer of proof of revocation, Mitchell v. Health Culture Co., 349 Mo. 475, 162 S.W. 2d 233, because the amendment admittedly was made after the expiration of the statutory period prescribed by section 468.580, RSMo 1949, V.A.M.S., which provides:
"If any person interested in the probate of any will shall appear within one year after the date of the probate or rejection thereof, and, by petition to the circuit court of the county, contest the validity of the will, * * * an issue shall be made up whether the writing produced be the will of the testator or not, * * *."
If the latter, the court erred in refusing the offer of proof. Bricken v. Cross, 163 Mo. 449, 64 S.W. 99; Rathmacher v. Linberg, Mo.App., 14 S.W.2d 467.
Appellant argues that the statutory issue and the gist of the action in a will contest is "devisavit vel non?"; that the cause of action is single; that the various grounds employed to support the cause of action are merely incidents of the cause of action and may be changed from one to another without effecting a change in the cause of action; that an amendment adding new grounds of contest after the expiration of the statutory period is proper.
Respondent contends that the institution of a will contest on one ground and the subsequent addition of another ground of contest constitutes a departure, and that the one year limitation bars the maintenance of the suit on the second ground.
Since the rule against departure through amended pleadings is no longer in force and has been abrogated by the new code, White v. Sievers, 359 Mo. 145, 221 S.W.2d 118, we are concerned only with the question whether the amendment is subject to the statute of limitations.
The right to amend the petition in a will contest suit by stating a new ground of contest after the statutory period of limitations has run has not been decided by the courts of this state. Our Supreme Court has settled the right, in a will contest, to bring in new parties by amendment after the expiration of the one year period, allowing such an amendment where plaintiff *970 is a proper person to bring the action, Gresham v. Talbott, 326 Mo. 517, 31 S.W.2d 766, but disallowing the right where the original plaintiff is a stranger to the cause of action, Russell v. Nelson, 317 Mo. 148, 295 S.W. 118.
Our courts have been liberal in allowing amendments expressly to save the cause from the statute of limitations, when the cause of action set up by way of amendment is not totally different from that alleged in the original petition. Gresham v. Talbott, supra; Jensen v. Hinderks, 338 Mo. 459, 92 S.W.2d 108; Cytron v. St. Louis Transit Co., 205 Mo. 692, 104 S.W. 109, and cases cited.
Various tests have been applied in determining whether a new cause of action is introduced by a new pleading: (1) whether the same evidence would support both original and amended petitions, Mitchell v. Health Culture Co., supra; (2) whether a recovery on the original petition would be a bar to the recovery on an amended petition, Smith v. Harbison-Walker Refractories Co., 340 Mo. 389, 100 S.W.2d 909; (3) whether the measure of damages is the same in each case, Bader v. Beck, Mo.App., 173 S.W.2d 647; (4) whether the amendment changes the nature of the action or destroys the identity of the original transaction, Jensen v. Hinderks, supra; Schwab Clothing Co. v. St. Louis, I. M. & S. Ry. Co., 71 Mo.App. 241.
In so far as they are applicable, considering the peculiar nature of a will contest, the amended petition in the case at bar meets and satisfies these tests, and compels the conclusion that no new cause of action was introduced by the amendment of the petition to state an additional ground of contest.
Test (1), supra, cannot be complied with because of the very nature of a will contest. Inevitably a new ground of contest calls for different evidence, but a new ground of contest is not a new cause of action, for the reason that there is but one cause of action in a will contest, no matter how many grounds of impeachment exist.
"Cause of action," when considered in a procedural sense with reference to pleadings, has been defined as "* * * the facts giving rise to the action; the fact or combination of facts which give rise to or entitle a party to sustain an action; the existence of those facts which give a party a right to judicial interference or relief in his behalf; the entire set or state of facts that give rise to an enforceable claim." 1 C.J.S., Actions, § 8(c), p. 982. In Chestnut v. Mertz, Mo.App., 144 S.W.2d 194, 196, we defined cause of action as follows: "A cause of action consists of those facts, as between two parties, entitling one of them to a judicial remedy of some sort against the other for the redress of a wrong." The Supreme Court in Grue v. Hensley, 357 Mo. 592, 210 S.W.2d 7, loc.cit. 10, defined cause of action as "the cause for action, i.e., the underlying facts combined with the law giving the party a right to a remedy of one form or another based thereon."
A cause of action to contest a will consists of all of those facts available to a contestant which, if established, legally entitle the contestant to a judgment setting aside the will. The ultimate issue in all will contests is fixed by statute, i. e., whether the paper writing produced be the will of the testator or not. The gist of the cause of action is the invalidity of the will. The cause of action is single, no matter how many grounds of contest there may be. The various grounds constitute, in the aggregate, but one cause of action; they are incidents of the cause of action, but are not causes of action in and of themselves. The grounds are merely the evidentiary supports of, or modes of proving, the cause of action, and although they may vary (fraud, forgery, undue influence, improper execution, lack of testamentary capacity, revocation, etc.), the cause of action remains one and the same. Each such separate ground must be alleged, if evidence thereof is to be admitted at the trial, Fletcher v. Henderson, 333 Mo. 349, 62 S.W.2d 849; Adams v. Kendrick, 321 Mo. 310, 11 S.W.2d 16, so that there may be many separate issues within the one all-embracing issue (devisavit vel non?). While the evidence necessary to support the various grounds alleged may be quite different, these separate *971 issues are but facets of the one cause of action, and do not constitute separate and independent causes of action.
The gist of the original petition was that the 1933 will was not the last will and testament of the testator, and the same is true of the amended petition. The original petition is based upon undue influence, and the amended petition seeks to support the claim by the further allegation of revocation. This is not the statement of a new cause of action, but is merely an attempt to support the cause of action already alleged, upon a new ground. Sinnet v. Bowman, 151 Ill. 146, 37 N.E. 885; Grottendick v. Webber, W.Va., 52 S.E.2d 700; Trull v. Patrick, 31 Ohio Cir.Dec. 319.
Gauged by test (2), supra, the amended petition states no new cause of action. A will contest is an in rem proceeding, Campbell v. St. Louis Union Trust Co., 346 Mo. 200, 139 S.W.2d 935, 129 A.L.R. 316; Bradford v. Blossom, 207 Mo. 177, 105 S.W. 289, which operates on the resthe will. Once instituted it cannot be dismissed, but must proceed to an adjudication. Campbell v. St. Louis Union Trust Co., supra. The adjudication either establishes or destroys the will, and that adjudication is final. Section 468.590 RSMo 1949, V.A.M.S. When a contestant, proceeding under § 468.580 sets the machinery of the law in motion, he must allege every ground of impeachment available to him in the exercise of ordinary diligence, for a judgment sustaining a will is res adjudicata on every ground which was, or could have been, litigated in that proceeding. He cannot split up his cause of action and bring several successive actions each based upon a new ground of contest. An analogous situation is that of a suit to set aside a deed. In such a proceeding all matters which plaintiff could have alleged to set aside the deed are deemed to have been adjudicated, whether alleged in the petition or not, for the reason that a party cannot split up his cause of action, or vex his adversary piecemeal for the same cause more than once. Melvin v. Hoffman, 290 Mo. 464, 235 S.W. 107, loc.cit. 114; Donnell v. Wright, 147 Mo. 639, 49 S.W. 874. Therefore, a judgment sustaining or setting aside the will in a contest on the ground alleged in the original petition would be res adjudicata in a subsequent contest on the ground alleged in the amended petition, and vice versa.
Measured by test (3), supra, the amended petition introduces no new cause of action. While there is no "measure of damages" in a will contest, the specific relief sought under both pleadings was exactly the same, namely, the setting aside of the will.
As to test (4), supra, the nature of the action is fixed by statute and no amendment of the pleadings can affect it. The "original transaction" consists of all the facts surrounding the validity of the proffered paper writing. Certainly proof of additional facts bearing upon the validity of the will would not "destroy the identity" of the original transaction but on the contrary would serve only to more clearly reveal the true facts pertaining thereto.
Furthermore, § 468.580 is not a statute of limitations in the usual sense of the word. It is a special statute of limitations, applicable solely to wills and their contest. It is exclusive of other statutes of limitations. Stowe v. Stowe, 140 Mo. 594, 41 S.W. 951. Fraud does not toll the running of time limit prescribed in § 468.580 under § 516.280 of the general statute of limitations. State ex rel. Bier v. Bigger, 352 Mo. 502, 178 S.W.2d 347. Sec. 468.580 is more in the nature of a statute granting jurisdiction than that of a statute of limitation. The right of action to contest a will is purely statutory. Sec. 468.580 confers a jurisdiction on the circuit court, in derogation of the common law, Braeuel v. Reuther, 270 Mo. 603, 193 S.W. 283, L.R.A.1918A, 444, and grants to the persons named therein a personal right to sue to contest the probate of a will, Thompson v. Butler, 8 Cir., 136 F.2d 644, provided the party invokes the jurisdiction within one year. Once invoked, that jurisdiction extends to an investigation of every ground upon which the validity of the will might be assailed, even though the ground ultimately relied upon may not have been alleged until after the expiration of the statutory period. Sinnet v. Bowman, supra.
*972 In California,[1] Kansas,[2] Idaho,[3] and Maryland,[4] it has been held that an amendment to a petition in a will contest by adding another separate and distinct ground of contest to the grounds contained in the original petition is not permissible unless filed within the statutory time allowed for the contest of a will. The California and Idaho decisions may be distinguished on this basis: In those states the statutes authorizing the filing of a will contest require, in mandatory language, that the contestant within the statutory period file "a petition in writing, containing his allegations against the validity of the will or against the sufficiency of the proof, and praying that the probate be revoked." Deering's California Probate Code, Art. II, Sec. 380; Idaho Code 1932, Vol. 3, Sec. 15-223. It is at once obvious that where as part and parcel of the limitation statute there is a requirement that the petition specify the grounds of opposition, the contestant is to be limited to those specified and, after the expiration of the limitation period, cannot raise unspecified grounds. Neither our § 468.580 nor the statutes under which the cases of Sinnet v. Bowman, Grottendick v. Webber, or Trull v. Patrick were decided, make any such requirement. West Virginia Code of 1931, 41-5-11; Smith-Hurd Illinois Annotated Statutes, Perm.Ed., Ch. 3, § 242; Ohio General Code, § 12079. Our § 468.580 in effect requires that the jurisdiction of the court be invoked during the one year period by the filing of a petition, and does not require that the grounds of impeachment be stated in a petition to be filed within a year.
The Kansas and Maryland cases cannot be distinguished, but we believe, in view of the nature of a will contest and the liberality of our statute, § 509.490, and decisions in the matter of amendment of pleadings, that the result reached by the Illinois, West Virginia and Ohio courts is more consistent with the body of Missouri law on will contests.
We conclude, therefore, that the court erred in excluding the evidence offered to support the allegation of revocation.
Respondent claims that it was fatal to plaintiff's case that he waited until after the expiration of the one year limitation period before amending his petition to allege his interest in the probate of the 1933 will. We do not agree. The failure of the original petition to allege plaintiff's interest did not render it a nullity. It was merely an imperfect and incomplete statement of a cause of action. The amendment after the expiration of the statutory period was proper, Jensen v. Hinderks, supra, in so far as its timeliness is concerned.
Respondent further claims that in any event plaintiff may not maintain this action because, in setting up the subsequent will of 1936 containing a revoking clause, plaintiff did not allege that plaintiff was a beneficiary under the 1936 will; that the only persons having an interest in contesting the 1933 will are those persons named as beneficiaries under the 1936 will. This position is without merit. Nothing more was required of plaintiff to show that he was a real party in interest than to allege and prove that he, as an heir of Phil Miller, deceased, would share in the distribution of the estate of the deceased in case of intestacy. It was not necessary that plaintiff be named as a beneficiary in the subsequent revoking will. An heir is entitled to contest a probated will of a decedent although he was excluded by a previous will which had not been probated, Marr v. Barnes, 126 Kan. 84, 267 P. 9; Murphy's Executor v. Murphy, 65 S.W. 165, 23 Ky. Law Rep. 1460, or by a subsequent unprobated will. The reason is that the previous or subsequent will excluding the heir might never be probated, or if probated might itself be successfully contested, or may have been revoked prior to the death of the testator. All that need be shown in the case at bar, *973 in addition to heirship, is that the subsequent will revoked the original will. The revocation becomes full and complete at the time of the proper execution of the subsequent will, even though the latter is never probated, and the latter instrument is properly admissible in evidence to show the revocation of the original will. Rice v. Rice, 239 Mo.App. 739, 197 S.W.2d 994.
Finally, respondent contends that we cannot convict the trial court of error in directing a verdict sustaining the will, for the reason that at no time during the trial did plaintiff prove that he was the son of Jacques B. Miller, and that Jacques B. Miller was the son of Phil Miller, and that Jacques B. Miller predeceased Phil Miller. In other words, that the record is barren of any formal proof of heirship. While it is true that facts showing plaintiff's interest in a will contest must be pleaded and proved at the trial unless admitted by the pleadings of the proponent, Gruender v. Frank, 267 Mo. 713, 186 S.W. 1004; Palm v. Maguire, 347 Mo. 189, 146 S.W.2d 636, it is clear from this record that the trial court's ruling in directing a verdict was based squarely on the exclusion of the evidence of revocation, and that no point with respect to the deficiency of the proof of plaintiff's interest in the probate of the will was presented to the trial court. Although technically the issue of the plaintiff's interest was raised by the general denial in defendant's answer, and although such proof would be essential to sustain a judgment for the contestant, the law will not require the doing of a useless act. After the court had ruled out the only evidence plaintiff had to sustain his cause of action on the merits, it would have been a vain and useless thing to proceed to introduce the proof of his heirship and resultant interest in the maintenance of an action which the court had ruled could not be maintained. Furthermore, there is nothing in the record to show that there was any real controversy about the existence of these facts. It appears that their proof would be a mere formality.
For the reasons assigned the judgment should be reversed and the cause remanded for a new trial, and the Commissioner so recommends.
PER CURIAM.
The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.
The judgment of the circuit court is, accordingly, reversed and the cause remanded.
BENNICK, P. J., and ANDERSON and LA DRIERE, JJ., concur.
NOTES
[1] In re Blalock's Estate, 95 Cal.App.2d 463, 213 P.2d 100 and cases cited, loc. cit. 104.
[2] Jenkins v. Jenkins, 121 Kan. 884, 250 P. 275.
[3] Swaringen v. Swanstrom, 67 Idaho 245, 175 P.2d 692.
[4] Meyer v. Henderson, 88 Md. 585, 41 A. 1073, 42 A. 241.