252 S.W.2d 649 (1952)
FORD
v.
AMERICAN BRAKE SHOE CO.
No. 28420.
St. Louis Court of Appeals, Missouri.
November 18, 1952.
Rehearing Denied December 12, 1952.
*650 John S. Marsalek and Moser, Marsalek, Carpenter, Cleary & Carter, all of St. Louis, for appellant.
Morris B. Kessler, George M. Cohn and Alfred I. Harris, all of St. Louis, for respondent.
BENNICK, Presiding Judge.
This is a proceeding under the workmen's compensation act, Sections 287.010 to 287.800, RSMo 1949, V.A.M.S., the appeal being by the employer and self-insurer from the judgment of the Circuit Court of the City of St. Louis affirming an award of the Industrial Commission in favor of the employee, Ellis Ford, and against the employer, American Brake Shoe Company, for compensation of $25 a week for a period of 160 weeks, aggregating the sum of $4,000.
Compensation was awarded upon a finding of disability resulting from occupational disease; and the whole question on this appeal is whether the claim was barred by limitation of time.
The proceeding was instituted before the Commission on November 13, 1948, by the filing of a claim based upon facts which, of themselves, would have shown no more than an accidental injury alleged to have been received in "October, 1948," when "claimant swallowed some sand" while employed at the employer's place of business at 3300 Goodfellow Boulevard in the City of St. Louis. There was the accompanying allegation that the parts of body injured were "left and right side, chest and lungs".
On June 7, 1950, the employee amended his claim by interlineation by adding in further explanation of how his injury had been received that "while claimant was engaged in his usual duties as a shake-out man, he contracted an occupational disease by reason of the inhalation of harmful substances".
Thereafter the employer answered the amended claim by alleging, in addition to a denial that the employee had suffered any injury or disease arising out of and in the course of his employment, that the claim set forth by the amendment was barred by the employee's failure to have filed the same within one year after the claim had accrued.
The Commission found, as had its referee, that the employee had contracted silicosis, an occupational disease, as the result of exposure to silica dust over the period from March 18, 1946, to September 28, 1948, the latter date being denominated as the date of onset; and that the claim had been filed within the time required by law.
The act provides that no proceeding for compensation shall be maintained unless a claim be filed with the Commission within one year after the injury, or in case payments have been made on account of the injury, within one year from the date of the last payment. Section 287.430 RSMo 1949, V.A.M.S.
In fixing the time of injury within the contemplation of the statute, the rule is that the limitation period begins to run whenever it becomes reasonably discoverable and apparent that a compensable injury has been sustained, which, in the case of an occupational disease, is the time when the disease has produced a compensable disability. Smith v. Federated Metals Corporation, 235 Mo.App. 297, 133 S.W.2d 1112; Leonard v. Fisher Body Co., St. Louis Division, etc., Mo.App., 137 S.W.2d 604; Lutman *651 v. American Shoe Maoh. Co., Mo.App., 151 S.W.2d 701.
While the employer's medical evidence was all to the effect that the employee was suffering from tuberculosis and not from silicosis, there is no question in this court of the sufficiency of the evidence to support the Commission's finding to the contrary.
What the employer does contend is that under the employee's own admissions, his condition was actually known to him in June, 1947, so that his claim was already barred by limitation of time when the proceeding was instituted with the Commission on November 13, 1948, more than a year after the date from which, under the employer's theory, the limitation period would have begun to run.
But even if it is held that the claim was not barred at the time of the institution of the proceeding on November 13, 1948, the employer then contends that it was in any event barred on June 7, 1950, more than eighteen months later, when the employee amended his claim and for the first time specifically asserted a right to be compensated upon the ground that he had contracted an occupational disease. In other words, the employer argues that the amended claim of occupational disease constituted a complete departure from the original claim of accidental injury, and was consequently not to be saved from the bar of the statute by reason of any conclusion that the original claim was filed in time.
While the employee had previously worked for the employer, it was not until his re-employment on March 18, 1946, that he became exposed to the dust which, according to his theory, eventually produced his silicosis.
It is true that the employee did testify that he had first begun to suffer from his complaint about June, 1947, and that he had noticed no improvement from that date until he left his employment in September, 1948. The things which affected him were weakness and shortness of breath, which are concededly recognized as being among the symptoms of silicosis. From June, 1947, until the termination of his employment, *652 he had been forced to lose a day or so from his work each week; and as early as 1947 he had complained to his foreman, Luke, who had advised him to go home for a while and then return to his job. He testified further that when he began experiencing his weakness and shortness of breath, he thought that his condition had resulted from his employment.
It is upon such showing from the employee's own testimony that the employer bases its contention that the employee actually knew of his condition in June, 1947, so as to require that the period of limitation be computed from that date.
We appreciate that the running of the statute is not delayed until the full extent of the employee's disability is ascertainable; and we are likewise mindful that for an employee to be entitled to file a claim, it is not essential that he shall have been informed of the technical name of his disease. However it is not enough to give rise to a claim that the employee shall have sustained a mere unexplained disability, but instead he must be able to show that he has suffered a compensable disability, which means, in this particular case, that the employee must have had an ascertainable case of silicosis in June, 1947, if the period of limitation was to run from that date.
As we have already pointed out, the employer bases its contention upon the employee's own testimony of his actual knowledge of things in June, 1947, which are included among the symptoms of silicosis. But when Dr. Alfred Goldman was asked on cross-examination if he would make a diagnosis of silicosis from the complaints of which the employee had testified, he promptly answered in the negative. Where there is a substantial dispute concerning the time of injury in a case of occupational disease, the question of whether a claim has been filed within the period of limitation is a question of fact for the Commission to determine. Smith v. Federated Metals Corporation, supra; Lutman v. American Shoe Mach. Co., supra. Under the circumstances of the instant case there was sufficient competent evidence on the whole record to support a finding that the claim was not barred when the pro-ceeding was instituted on November 13, 1948.
This brings us then to the remaining question of whether the claim set up by the amendment of June 7, 1950, introduced such a new and different claim from that asserted in the original claim as not to have related back to the institution of the proceeding on November 13, 1948.
In considering the question of whether an amendment of a petition or complaint amounts to the commencement of a new action or proceeding with respect to the running of the statute of limitations, the general rule is that if the only effect of the amendment made after the running of the" limitation period is to perfect or amplify the claim set up in the original pleading, the amendment relates back to the time of the commencement of the original action so as to be saved from the bar of the statute, but that if the amendment so made sets up an entirely new and distinct claim or cause of action from that embraced in the original petition or complaint, the running of the statute in that event is not arrested but instead may be interposed in bar of the new claim or cause of action. Mitchell v. Health Culture Co., 349 Mo. 475, 162 S.W.2d 233; Bricken v. Cross, 163 Mo. 449, 64 S.W. 99.
A claim or cause of action consists of a subject matter upon which a proceeding may be brought by one party against another to obtain whatever relief the one is legally entitled to receive as against the other under the facts and circumstances upon which he relies. Chestnut v. Mertz, Mo.App., 144 S.W.2d 194.
We cannot agree with the employer that the amendment of June 7, 1950, constituted the statement of such a wholly new and distinct claim on the part of the employee as not to have related back to the commencement of the proceeding by the filing of the original claim on November 13, 1948.
The amended claim did not bring in additional parties, nor did it could upon any change in the legal relationship existing between the parties. Whether before or after the amendment, the thing in controversy *653 was the condition attending the employment, which, as suggested by the original claim, had resulted in a given injury to the employee's chest and lungs. The relief sought in either instance was the compensation provided by the act for one and the same disability; and the only substantial change introduced by the amendment was in the technical ground of liability. Conceding that the evidence to support the two formal statements of the claim would not have been in all respects identical, the present award would nevertheless bar any recovery under the claim as originally filed. The actual effect of the amendment was merely to perfect the statement of the original claim; and the amendment consequently related back to the institution of the proceeding as regards the running of the statute of limitations.
It follows that the judgment rendered by the circuit court should be affirmed, and it is so ordered.
ANDERSON and HOLMAN, JJ., concur.