Ernest C. GERHARDT et al.,
Plaintiffs-Appellants,

v.

Frank A. MILLER, Jr. and Miller-Scheer
Realty and Insurance Company,
Defendants-Respondents.

No. 36296.

Missouri Court of Appeals,
St. Louis District,
Division One.

Dec. 23, 1975.

Lester W. Duggan, Jr., St. Charles, for plaintiffs-appellants.

Dubail, Judge, Kilker & Maier, William C. Maier, St. Louis, for defendants-respondents.

WEIER, Presiding Judge.

This is an appeal by plaintiffs from a judgment of the trial court sustaining a motion to dismiss their petition on the basis of the doctrine of res adjudicata. We affirm the action of the trial court.

The petition, which suffered an early demise by reason of the action of the trial court, was filed by four plaintiffs, Ernest C. Gerhardt, Ronald F. Gerhardt, Donald Koch (also known as Don Merle Koch), and Lois Koch, against defendants Frank A. Miller, Jr. and Miller-Scheer Realty and Insurance Company. Each of the plaintiffs in separate but identical counts alleged that Miller and the Miller-Scheer Realty and Insurance Company, by and through its agents, servants, officers and employees, together with others, by means of "duress, fraud, deceit, manipulation, undue influence and over-persuasion" procured one Hulda Gerhardt to execute a will in 1968 which by its terms destroyed a 1965 will under which plaintiffs, who were not heirs, were to receive a substantial portion of the estate of Hulda Gerhardt as residuary legatees. Each of the plaintiffs sought money damages in the sum of $50,000.00 and punitive damages in the sum of $25,000.00. The verified motion to dismiss filed by defendants set out as a bar to the suit for damages the facts that plaintiffs had filed a will contest suit wherein they had sought to establish the 1965 will previously rejected by the probate court of the City of St. Louis, and had contested the validity of the 1968 will previously admitted to probate by the probate court. A third count in this suit sought to engraft on the will contest a suit for specific performance of a testamentary agreement to leave certain property to the plaintiffs, but this was dismissed. About two years after the filing of this will contest suit in the circuit court of the City of St. Louis, an agreement was executed by the plaintiffs who are the same plaintiffs in the instant action, and the then defendants, Martha Lee Widman and Joyce Truscott Wilhelm, named as the principal beneficiaries under the 1968 will. By this agreement the plaintiffs were to receive out of the estate $46,250.00 together with specific bequests of $2,500.00 made to each of them

under the 1968 will, and in consideration of such assignment the plaintiffs agreed not to oppose the further probate of the 1968 will of Hulda Gerhardt, or to impede in any way the administration of her estate. Thereafter the circuit court determined that the 1968 instrument was the will of Hulda Gerhardt, and in accordance with the settlement agreement the plaintiffs were paid.

The court below sustained the motion to dismiss on the basis that the suit for damages because of fraud filed by the plaintiffs against the defendants in the instant cause could not be maintained because the validity of the will of Hulda Gerhardt had been challenged in the will contest by the same plaintiffs, and after settlement of the issues by the plaintiffs and the other persons interested in the estate, the will was held to be valid. The court determined this judgment sustaining the will acted as an estoppel against the plaintiffs bringing the fraud action, and prevented the plaintiffs from again contending that the execution of the will was brought about by fraud, trickery or deceit. The court reasoned that whatever rights, if any, plaintiffs may have had prior to the will contest, these rights were wholly dependent upon the respective wills which were the subject of the contest action. In the contest action, by its judgment the court necessarily found that the will of 1968 was not brought about by any "duress, fraud, deceit, manipulation, undue influence and over-persuasion" as alleged in plaintiffs' fraud petition. Such a judgment sustaining the will is res adjudicata on every ground which was, or could have been, litigated in that proceeding. An action to contest a will cannot be split so as to enable a contestant to bring successive actions, each based upon a new ground of contest. *Miller v. Munzer*, 251 S.W.2d 966, 971[6] (Mo.App.1952).

Plaintiffs, on appeal, however, contend that the defendants in the fraud case may not rely on res adjudicata to prevent the bringing of the fraud action because the defendants were never parties to the will contest case, and since there must be identity of the persons and parties to the action, the doctrine does not apply and plaintiffs are free to pursue their fraud action against these defendants.

Generally, the doctrine of res adjudicata may be considered to have dual aspects. A judgment on the same cause of action between the same parties may be raised as a bar to the prosecution of a second action upon the same cause of action as to any issue which was or might have been litigated in the first. This is known as estoppel by judgment. A prior judgment between the same parties may also be raised on a different subsequent cause of action as binding with regard to ultimate facts decided or issues passed upon in the prior action, and is conclusive upon the parties as to these facts actually decided and issues necessarily determined in rendering the judgment. This is called estoppel by verdict. *State ex rel. Gott v. Fidelity & Deposit Co. of Baltimore, Md.*, 317 Mo. 1078, 298 S.W. 83, 87[3] (1927); *Abeles v. Wurdack*, 285 S.W.2d 544, 546[1] (Mo.1955); *Smith v. Preis*, 396 S.W.2d 636, 640[4, 6, 8] (Mo.1965). Mutuality of parties, either in person or by privy, is one of the requisites in determining whether a former judgment may be used to bar the bringing of a subsequent action. A will contest is an in rem proceeding. *Miller v. Munzer, supra*, 251 S.W.2d at 971[5]. It is also recognized in *Gott*, 298 S.W. l.c. 88[9], that a judgment in rem is conclusive with regard to its effect on the res (here the will) in establishing the status of a person or thing or title to property as to all the world but only as to parties with respect to findings of fact.

Mutuality of parties, however, is not always required. There is an exception to this requirement that allows a stranger to the original litigation to assert the defense of res adjudicata against a party bound by the judgment so as to preclude the relitigation of an issue determined in

the prior action. This is true where parties to the original action or their privies institute a subsequent action against a defendant who had no part or representation by privy in the prior action but who asserts the defense of res adjudicata. Thus in *Arata v. Monsanto Chemical Company*, 351 S.W.2d 717 (Mo.1961), landowners brought a suit for damages based on the theory that the highway commission did not previously condemn their land for public purpose but rather for the private purpose of the defendant company in affording it a mode of ingress and egress to defendant's property; and that the highway commission was induced to bring a prior condemnation suit to acquire plaintiff's land through contributions of money and land by the defendant company. On appeal, it was determined that the judgment in the condemnation action, wherein the taking for a public purpose was adjudicated, was a bar to the subsequent action by the landowners for damages. And this could be pleaded by the defendant in the second action even if there was no identity of parties in the two lawsuits. The court there stated: "Our conclusion is in accord with the policy of the law (under circumstances such as are here presented) to end litigation by preventing a party who has had one trial of a question of fact from again drawing it into controversy." l.c. 722[8]. Absolute mutuality of parties is not essential. *Abeles v. Wurdack, supra*, 285 S.W.2d at 547.

 The ultimate issue as to whether the 1968 will of Hulda Gerhardt was the product of fraud and illegal activity was fully presented to the circuit court in the will contest case. The plaintiffs here were also the plaintiffs in that litigation. They brought that litigation to a conclusion which was also to their satisfaction under their agreement. The judgment of the court sustained the validity of the will and found against the plaintiffs with respect to the ultimate fact issues. It is true that plaintiffs did not contest these issues after the execution of the agreement and assignment of a part of the residue of the estate to them by the residuary beneficiaries under the 1968 will. But even a consent judgment has the same force and effect as any other judgment reached on its merits. *Gerard v. Kodner*, 468 S.W.2d 677, 680[3] (Mo. App.1971). And a judgment in a will contest case cannot be considered a consent judgment since once instituted, it leads to a final adjudication upon all matters which were alleged or could have been alleged. *Miller v. Munzer, supra*, 251 S.W.2d at 971[6]. The same fact issues were presented in the instant suit contending that the will of the deceased was brought about by fraud and illegal acts—the same charges that were asserted, litigated and found against these same plaintiffs in the will contest. It is the policy of the law to give repose to litigated matters that have been properly concluded.

The judgment of the trial court dismissing the petition of the plaintiffs is affirmed.

DOWD and RENDLEN, JJ., concur.